IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREMONT BLAKEMORE, | § § § | |
| Movant, | § § | |
| V. | § § | NO. 3:23-CV-2258-E |
| UNITED STATES OF AMERICA, | § § § | (NO. 3:19-CR-531-E-1) |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Tremont Blakemore under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects as follows:

On October 9, 2019, Movant was named in a seven-count indictment charging him in each count with sex trafficking through force, fraud, and coercion, in violation of 18 U.S.C. § 1591(a)(1). CR ECF No.[1] 17. Movant entered a plea of not guilty. CR ECF No. 27. On November 17, 2020, Movant was named in a superseding indictment adding an eighth count of sex trafficking through force, fraud, and coercion, in violation of 18 U.S.C. § 1591(a)(1). CR ECF No. 76. Movant waived arraignment and entered a plea of not guilty to the superseding indictment, which the Court accepted. CR ECF No. 84. Eventually, Movant signed a written plea agreement

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:19-CR-531-E.

pursuant to which he agreed to plead guilty to the offense charged in count six of the indictment. CR ECF No. 111. The plea agreement stated that the parties agreed that the appropriate term of imprisonment would be no more than 240 months; that the plea was freely and voluntarily made and was not the result of force, threats, or promises; that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspect of the case with counsel and was fully satisfied with his legal representation. *Id.* Movant also signed a factual resume that set forth the elements of the offense alleged in count six of the superseding indictment and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 110.

On April 27, 2022, Movant testified under oath at rearraignment that: he had reviewed and discussed the indictment with his counsel and understood the charges and the punishment; he and his counsel had discussed the guidelines; he was pleading guilty because he was guilty; no one had forced, threatened, or promised him anything to plead guilty; he understood that under the plea agreement he faced a term of imprisonment of 15 to 20 years; he understood that the Court was not bound by the stipulated facts and could take into account other facts; he signed the plea agreement and factual resume; he voluntarily and of his own free will signed the plea agreement; and, the facts stated in the factual resume were true and correct. CR ECF No. 149.

The Court sentenced Movant to a term of imprisonment of 240 months. CR ECF No. 127. He did not appeal.

## II.     GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion: (1) the indictment was defective because proper procedure was not followed; (2) ineffective assistance of counsel based on the

defective indictment; and (3) he should not have received the enhancement for leadership role. ECF No.[2] 4 at 7.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

B.  **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.  **ANALYSIS**

In support of his first ground, Movant alleges that the indictment was defective because the requirement of "presentment" was not met. In support, he relies on the "Act of Nov. 3, 1722, Ch.4 1722 Md. Laws." ECF No. 4 at 11–12.[3] The argument seems to be that the grand jurors

---

[3] The page reference is to "Page __ of 14" found at the top right portion of the document on the Court's electronic filing system and is used because Movant added handwritten pages to the typewritten form.

themselves had to investigate and make the charges themselves.[4] His second ground appears to be that his counsel was ineffective in failing to recognize the deficiency of the indictment. *Id.* at 7, 12. A guilty plea waives all nonjurisdictional defects[5] in the proceedings against a defendant, including ineffective assistance of counsel, except as the ineffectiveness relates to the voluntariness of the plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Movant does not contend that his plea was not knowing or voluntary. Nor could he. The record reflects that that Movant's plea was knowing, voluntary, and intelligent. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In his third ground, Movant argues that his sentence is illegal because he did not qualify for the leader/organizer enhancement. ECF No. 4 at 7, 12–13. This ground is barred by the waiver in the plea agreement. CR ECF No. 111, ¶ 13. Movant testified under oath to the facts establishing that the plea agreement, including waiver of right to appeal, was knowing and voluntary and he does not allege otherwise. CR ECF No. 149. The waiver is enforceable. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Heredia*, 68 F.3d 468, 1995 WL 581683, at *1–2 (5th Cir. 1995). In addition, this ground is procedurally barred inasmuch as a collateral challenge may not do service for an appeal. *Shaid*, 937 F.2d at 231. Movant has made no attempt to show

---

[4] As the government notes, ECF No. 7 at 5 n.3, this ground was waived by the plea agreement. CR ECF No. 111, ¶ 13. Moreover, Movant failed to raise this ground on direct appeal, which is another bar to his raising it here. *United States v. Davis*, 417 U.S. 333, 345 (1974). And, in any event, the practice of presentment has disappeared in the federal system. *United States v. Briggs*, 514 F.2d 794, 803 n.14 (5th Cir. 1975). *See also Collins v. United States*, 996 F.3d 102, 110 n.9 (2d Cir. 2021) (explaining the meaning of "presentment" as used in the Fifth Amendment and noting that it is now obsolete).

[5] A defect in an indictment is a nonjurisdictional defect. *United States v. Cotton*, 535 U.S. 625, 630–31 (2002).

cause and prejudice to be entitled to proceed. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Further, misapplication of the guidelines does not raise a cognizable issue in a Section 2255 proceeding. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). And, finally, the record reflects that the enhancement was properly applied. CR ECF No. 116.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **21st day** of **June, 2024**.

Ada E. Brown
UNITED STATES DISTRICT JUDGE